PROVIDENCE INSTITUTION FOR SAVINGS *vs.* MARY B. DAILEY *et al.*

PROVIDENCE—OCTOBER 24, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Construction of Statutes.    Banks and Banking.    Trustees.*

A banking institution filed a bill in equity, under the provisions of Pub. Laws R. I. cap. 651, of May 2, 1899, which set out facts showing that the bank had a deposit and was uncertain to whom it belonged and had been requested by various persons to make payment thereof. It prayed to be allowed to pay the fund into the registry of the court and thereupon to be discharged from liability :

*Held*, that the statute did not apply to a bank in matters of its ordinary business, and although in its provisions broad enough to include the case presented, that it should not be extended beyond cases of official or express trusts, *i. e.*, arising in the settlement of estates or in the execution of trusts.

BILL IN EQUITY filed under Pub. Laws R. I. cap. 651, of May 2, 1899. The statute is substantially set out in the opinion and the facts sufficiently stated therein. An answer was filed but was not passed upon by the court. Heard on bill, and bill dismissed.

STINESS, C. J. The bill sets out that in 1869 Ann E. Daniels, then of Providence, deposited five hundred dollars with the complainant in the name of "George E. Potter, Ann E. Daniels, Trustee," and received a deposit-book in that name and form. Ann E. Daniels then removed to Chicago, where she died in October, 1899, leaving a will which has been admitted to probate there, but not in this State, in which she gave to George E. Potter the money in the Provi-

dence Institution for Savings in her name, as trustee for said Potter, her brother, provided he should appear to claim the same within five years after her decease ; but in case he should not, or should his death be established sooner, then in that event she gave the same to the respondent, her daughter, with the request that, if Potter should afterwards be found to be living, she should pay to him said money with interest. The bill further alleges that said Potter has not been heard from for more than twenty-five years, and that the bank has not been able to ascertain, after diligent inquiry of his nearest relatives, whether he is living or not, or, if living, his residence or address or whether he was ever married ; or, if deceased, if he left a will, or wife or children, or whether administration has been taken out on his estate.

The complainant applies, under Pub. Laws cap. 651, 1899, for a decree to pay the fund into the registry of the court, upon the ground that it desires to be discharged from further liability and is unable to obtain a proper discharge.

(1)    We do not think that the statute applies to a bank in matters of its ordinary business.    It purports to be in amendment of Gen. Laws, cap. 219, relating to the settlement of accounts of administrators, but it goes further than this.    It says :    "Whenever any executor, administrator, guardian, trustee, or any other person holds any sum of money, or any bond, note, or other obligation for money, or evidence of indebtedness, or any certificate of stock or other chose in action, payable or deliverable to, or the property of, another, and the person entitled thereto cannot, for any reason, give proper receipt or discharge therefor, and such executor, administrator, guardian, trustee, or other person holding the said moneys or property desires to free himself from further liability therefor, he may pay or deliver the same into the registry" of the court on a bill in equity stating the circumstances.    When any person entitled to such moneys shall appear and satisfy the court as to his right, the same shall be paid or delivered over to him as the court shall direct.

These provisions, taken literally, are clearly broad enough to include the case presented, but we do not think that the

statute was intended to go so far. The result of the complainant's construction of the statute would require the court, not to decide controversies between parties, but to act as the fiscal agent of debtors in favor of their unknown creditors ; and to assume the care of funds, not in causes otherwise properly before it, but as a sort of clearing-house to relieve debtors from hunting up the parties to whom money held by them is due. In the settlement of estates, or in the execution of a trust—cases within the jurisdiction of the court—where the law imposes a duty which has been executed as far as possible and there is no other way of completing it, there may be some reason in such a course. There could be no end to one's responsibility otherwise. It is to such cases as these that, in our opinion, the statute relates.

The complainant refers us to the English act for better securing trust funds and for the relief of trustees, 10 and 11 Vict. cap. 96, which is quite similar to our statute. The body of the act relates to trustees, executors, administrators, or other persons, but the preamble relates only to trustees. This act was first considered in *Buckley's Trust*, 17 Beav. 110. It was held that the purchaser of an estate subject to a pecuniary charge was not within the provisions of the act, although it was claimed that he was within it by reason of the words "*trustees or other persons.*" Romily, M. R., said: "What the act intended is expressed by the words that 'all trustees, executors, administrators or other persons, having in their hands money belonging to any trust,'" and, further, that the trust is one created by an instrument or by operation of law. He also pointed out the extent to which the act would go if it should be construed otherwise. *In re Haycock's Policy*, L. R. 1 Ch. Div. 611, held that the trustee relief act, until extended by the sixth subsection of section 25 of the judicature act, did not enable an assurance society having notice of conflicting claims to pay policy moneys into court unless the moneys were the subject of a trust. Jessel, M. R., said: "It is an act for the relief of trustees only. . . But in the absence of trust, I cannot find on what principle a mere debtor, which for this purpose an assurance society is, .

is entitled to avail itself of the provisions of an act passed for the relief of trustees." We may add that a bank holding money for a depositor is no more a trustee than an assurance society holding money for the owner of a fund due on a policy.

The cases cited by the complainant do not appear to be in point. *Foster* v. *McGregor*, 9 L. T. R. N. S. 473, was a case where a legacy had been paid into court, apparently by an executor, and paid out, under a false representation of the death of a party beneficially interested, to an innocent mortgagee; and the question was whether he should be allowed to retain it on giving security to refund. *Ex parte Breach*, 12 W. R. 769, was not a case under the trustee relief act, but under the Charing Cross act. The construction of the English act is in harmony with our view of the statute before us—that its purpose was to give relief in cases of official or express trusts. There might be facts connected with a deposit which would place a bank in a trust relation, but in ordinary cases it performs none of the duties of a trustee. It does not keep, and is not expected to keep, funds separately. The title to securities is in the bank absolutely, and not as trustee. It keeps no accounts as a trustee, but only of deposits and dividends. The business relation is that of debtor and creditor. The statute, evidently, was not intended to cover any but official relations. To give it the broad literal construction contended for by the complainant would impose duties which are not the proper functions of a court.

We are of opinion that the bill should be dismissed.

*Tillinghast & Tillinghast*, for complainant.

*William H. Sweetland and Edwards & Angell*, for various respondents.